**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA'S PRODUCTIONS, MODELING, TALENT AND PROMOTION CO., LLC, LAURA HODA HAJJAR-RAYBORN,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **EP-25-CV-00729-LS-RFC** |
| **JACQUELINE GARCIA MARTINEZ, INDIVIDUALLY; BAZAAR MODELS, A SOLE PROPRIETORSHIP; MARCO CARMONA, INDIVIDUALLY; MISS EL PASO USA, A GENERAL PARTNERSHIP; MISS EL PASO TEEN USA, A GENERAL PARTNERSHIP; MISS EL PASO, A GENERAL PARTNERSHIP; AND MISS EL PASO TEEN, A GENERAL PARTNERSHIP,** | § | |
| ***Defendants.*** | § | |

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Defendants' Court-Ordered Motion to Dismiss or Stay & Alternative Motion for Partial Judgment on the Pleadings, ECF No. 18 [hereinafter "Mot."]. The Honorable District Judge Leon Schydlower referred the case to the undersigned magistrate "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters," pursuant to 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Case U.S. Mag. J., ECF No. 16.

For the reasons set forth herein, the Court **RECOMMENDS** the Motion be **DENIED** in part and **GRANTED** in part**.**

## I. BACKGROUND

On March 27, 2025, Marco Carmona, Jackie Garcia Martinez, d/b/a Bazaar Models, and Brian Sutherland (collectively "the State Court Plaintiffs") filed a petition in the 346th Judicial District in El Paso County (the "State Lawsuit"). *See* Pls.' Resp. to Defs.' Am. Rule 12(b) Mot. to Dismiss Ex. 1, ECF No. 15 [hereinafter "State Orig. Pet."]. The State Court Plaintiffs asserted they were the owners of the marks "Miss El Paso USA" and "Miss El Paso Teen USA." *Id.* ¶ 5. The State Court Plaintiffs sought a declaratory judgment declaring that they had never infringed on any rights of Laura's Productions, Modeling, Talent and Promotion Co. *Id.* ¶ 6.

On December 23, 2025, Plaintiffs filed a complaint in this Court against Defendants alleging eight causes of action regarding the ownership of the marks (the "Federal Lawsuit"). *See* Pls.' Orig. Compl. & Jury Demand, ECF No. 1. In their amended complaint, Plaintiffs seek both monetary and declaratory relief. *See* Pls.' Am. Compl., Jury Demand, & Resp. to Defs.' 12(b) Mot. to Dismiss, ECF No. 7 [hereinafter "Fed. Am. Compl."].

Defendants included a paragraph styled as a Rule 12(b) motion to dismiss in their answer, *see* Defs.' Mot. to Dismiss, Orig. Ans., Affirm. Defense & Countercls. ¶ 1, ECF No. 5, and in their amended answer, *see* Defs.' Am. Mot. to Dismiss, Ans. to Am. Compl. & Affirm. Defenses ¶ 1, ECF No. 8. However, neither contained citations to any legal authority. The undersigned issued an order to supplement briefing instructing Defendants to file a fully briefed motion to dismiss that complied with the Local Rules and the Federal Rules of Civil Procedure. *See* Order to Supp. Br., ECF No. 17. Defendants filed a motion arguing that the Court should dismiss or stay the

proceedings due to the parallel state court proceeding and, in the alternative, seeks judgment on the pleadings regarding count three and count seven. Mot. 11-12.

## II. LEGAL STANDARD

### A. *Colorado River* Abstention

"If the suit involves a request for monetary or other relief, . . . the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–19 (1976)." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005). "[T]he exceptional circumstances test applies regardless of whether the district court dismisses or merely stays a case." *Id.* at 251 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 27-28 (1983)). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910))

"Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (quoting *Colo. River Water Conservation Dist.,* 424 U.S. at 817). "A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances.'" *Aptim Corp*, 888 F.3d at 135 (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). To determine whether "exceptional circumstances" exist, Courts consider the following six factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law

> provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)) (citing *Wilton v. Seven Falls Co*., 515 U.S. 277, 285–86 (1995)).

"[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 16. "The burden of establishing entitlement to abstention rests on the party seeking it." *Turner v. Pavlicek,* No. H–10–00749, 2011 WL 4458757, at *4 (S.D. Tex. Sept. 22, 2011) (collecting cases).

**B. Rule 12(c) standard**

"A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010) (citing *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Molzan v. Bellagreen Holdings, LLC.,* 112 F.4th 323, 331 (5th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Molzan,* 112 F.4th at 331 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). "Thus, the court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones,* 188 F.3d at 324 (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

## III. DISCUSSION

### A. The State and Federal Proceedings are sufficiently parallel

An initial step before the application of the *Colorado River* factors is whether the State Lawsuit and the Federal Lawsuit are sufficiently parallel. *See Afr. Methodist Episcopal Church v. Lucien,* 756 F.3d 788, 797 (5th Cir. 2014). "[The Fifth Circuit has] identified parallel actions as those 'involving the same parties and the same issues,' but [the Fifth Circuit has] also noted that 'it may be that there need not be applied in every instance a mincing insistence on precise identity' of parties and issues." *Id.* (quoting *RepublicBank Dallas Nat.'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). When determining whether proceedings are sufficiently parallel, courts "look both to the named parties and to the substance of the claims asserted in each proceeding." *Afr. Methodist Episcopal Church,* 756 F.3d at 797 (citing *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)). The Fifth Circuit has held actions are sufficiently parallel for abstention purposes, even if the named parties in the action are not precisely identical. *See Afr. Methodist Episcopal Church,* 756 F.3d at 798 ("To be sure, those named as parties in the two actions are not precisely identical, but the record is clear that there are only two sides in this dispute: The interests of all of the parties named in either action align undisputedly. . .").

As of April 22, 2026, the eight claims in the Federal Lawsuit have also been asserted by Plaintiffs in the State Lawsuit. *See* Mot. Ex. A. The only distinction is that the State Lawsuit includes Brian Sutherland as a Plaintiff, *see* State Orig. Pet., while he is not included as a Defendant in the Federal Lawsuit, *see* Fed. Am. Compl. Both the State Lawsuit and the Federal Lawsuit

concern rightful ownership of the marks. Although Mr. Sutherland is not included in the Federal Lawsuit, it is clear "that there are only two sides in this dispute: The interests of all of the parties named in either action align undisputedly. . ." *Afr. Methodist Episcopal Church,* 756 F.3d at 798. Therefore, the State Lawsuit and the Federal Lawsuit are sufficiently parallel for abstention to be considered.

**B. *Colorado River* factors**

***1. Factor one***

The first *Colorado River* factor is assumption by either court of jurisdiction over a res. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). There is no res in this case, *see Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, CIVIL ACTION H-17-1068, 2017 WL 1437299, at *3 (S.D. Tex. Apr. 24, 2017); this factor thus supports exercising federal jurisdiction, *see Aptim Corp*, 888 F.3d at 136 (quoting *Stewart*, 438 F.3d at 492).

***2. Factor two***

The second factor is the relative inconvenience of the forums. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). Both forums are in El Paso, Texas. This factor supports exercising federal jurisdiction. *See Aptim Corp*, 888 F.3d at 136 (quoting *Stewart,* 438 F.3d at 492).

***3. Factor three***

The third factor is avoidance of piecemeal litigation. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). "The pendency of an action in state court does not bar a federal court from considering the same matter." *Stewart,* 438 F.3d at 492 (citing *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002)). "While duplicative litigation is permitted, *Colorado River* prevents '*piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to

a piece of property.'" *Stewart,* 438 F.3d at 492 (quoting *Black Sea Inv. v. United Heritage Corp*., 204 F.3d 647, 650–51 (5th Cir. 2000)) (emphasis in original). Even when no property is at issue, "[t]he potential, however, does exist for *some* piecemeal litigating . . ." when the state court is hearing a claim not before the federal court. *Stewart,* 438 F.3d at 492 (emphasis added). For the remaining claims, that are before both the state court and the federal court, "a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments." *Stewart,* 438 F.3d at 492 (citing *Kelly Inv. Inc.*, 315 F.3d at 498).

Here, the only distinction between the two proceedings is that the State Lawsuit includes Brian Sutherland as a Plaintiff, *see* State Orig. Pet., while he is not included as a Defendant in the Federal Lawsuit, *see* Fed. Am. Compl. Since there is a claim before the state court, not before the federal court, there is some risk of piecemeal litigation. However, this risk is slight given that the primary concern related to piecemeal litigation in *Colorado River* was inconsistent judgments concerning a piece of property. *See Black Sea Inv.*, 204 F.3d at 650–51 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). Yet because Brian Sutherland's claim is not before this Court, there is some risk of piecemeal litigation. The third factor thus favors abstention.

***4. Factor four***

The fourth factor is the order in which jurisdiction was obtained by the concurrent forums. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Nationstar Mortg. LLC v. Knox,* 351 Fed. App'x. 844, 852 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21). "[T]his factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Nationstar Mortg. LLC,* 351 Fed. App'x at 852 (quoting *Stewart*, 438 F.3d at 492–93).

The State Lawsuit has not progressed beyond the filing of initial pleadings. *See* Pls.' Resp. to Defs.' Court-Ordered Mot. to Dismiss or Stay & Alternative Mot. for Partial J. on the Pleadings ¶ 29, ECF No. 20 [hereinafter "Resp."]. The Federal Lawsuit has an amended complaint, an answer, a scheduling order, a motion to dismiss, and the parties have conducted discovery. Since the federal lawsuit has progressed past filing of the complaint, and has progressed much further than the State Lawsuit, this factor favors retaining federal jurisdiction.

***5. Factor five***

The fifth factor is to what extent federal law provides the rules of decisions on the merits. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). "The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Murphy v. Uncle Ben's, Inc*., 168 F.3d 734, 739 (5th Cir. 1999) (quoting *Evanston Ins. Co,* 844 F.2d at 1193). Plaintiffs have brought causes of action under the Lanham Act, *see* Fed. Am. Compl., therefore, this factor supports exercising federal jurisdiction.

***6. Factor six***

The sixth factor is the adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction. *See Stewart,* 438 F.3d at 491 (quoting *Kelly Inv., Inc.,* 315 F.3d at 497). This factor can only be neutral or weigh against abstention. *Aptim Corp*, 888 F.3d at 139 (citing *Stewart*, 438 F.3d at 493)). "Nothing has impugned the state court's ability fairly to determine the legal questions at issue . . .," *see Aptim Corp*, 888 F.3d at 139, therefore, the factor is neutral.

Four factors favor retaining federal jurisdiction, one factor favors abstention, and one factor is neutral. The Court finds no exceptional circumstances warranting a dismissal or a stay. The Court **RECOMMENDS** Defendants' Motion to Dismiss, or Stay be **DENIED.**

**C. Rule 12(c) motion**

***7. Count III***

Defendants argue Plaintiffs' federal dilution theory, included in count three, fails because its facts do not plausibly establish fame among the national general public. Mot. 8. In their response Plaintiffs agreed to withdraw the federal dilution theory without prejudice. Resp. ¶ 36. The Court **RECOMMENDS** the District Court dismiss the federal dilution theory without prejudice. The Court thus **RECOMMENDS** Defendants' Alternative Motion for Partial Judgment on the Pleadings, be **GRANTED IN PART.**

***8. Count VII***

Defendants argue Count VII's section 15-only theory fails because a later incontestability filing did not procure the existing registration. *See* Mot. 9. Section 15 provides that registered trademark may acquire incontestable status. *See Great Concepts, LLC v. Chutter Inc.,* 90 F.4th 1333, 1337 (Fed. Cir. 2024) (citing 15 U.S.C. § 1065). "Section 14, which allows a third party to seek cancellation of registration when the 'registration was obtained fraudulently,' does not authorize cancellation of a registration when the incontestability status of that mark is 'obtained fraudulently.'" *Great Concepts, LLC.,* 90 F.4th at 1339. In their response, Plaintiffs agree to not press the Section 15 declaration as a basis for cancellation. *See* Resp. ¶ 38. Plaintiffs maintain the allegedly fraudulent Section 15 filing is relevant to challenge the incontestable status. *Id.* Defendants do not challenge this use of the Section 15 filing.

Plaintiffs also assert fraud in Defendants' Section 8 filing and abandonment as independent theories to support cancellation. *See* Fed. Am. Compl. ¶ 115. Defendants do not challenge the Section 8 nor the abandonment theories. *See* Mot. 10. Since Plaintiffs still have two plausible theories to support the claim, the claim cannot be dismissed. *See Jones,* 188 F.3d at 324 (citing *Vander Zee,* 73 F.3d at 1368).

Defendants argue the same Section 15 only allegation cannot support Section 1120 damages. *See* Mot. 10-11. Plaintiffs agree but maintain the original application and the Section 8 maintenance filing can support Section 1120 damages. *See* Resp ¶ 40.

The Court **RECOMMENDS** the District Court **ORDERS** that Plaintiffs cannot use the Section 15 filing as a basis for cancellation nor as a basis for Section 1120 damages. However, Count VII and Plaintiffs' Section 1120 damages claims survive on other independent non-challenged grounds. The Court thus **RECOMMENDS** Defendants' Alternative Motion for Partial Judgment on the Pleadings, be **GRANTED IN PART.**

## I. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendant's Motion to Dismiss or Stay & Alternative Motion for Partial Judgment on the Pleadings, ECF No. 18**,** be **DENIED** in part and **GRANTED** in part**.**

**SIGNED** this 23rd day of October, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND**

**SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**