**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA'S PRODUCTIONS, MODELING, TALENT AND PROMOTION CO., LLC, LAURA HODA HAJJAR-RAYBORN,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **EP-25-CV-00729-LS-RFC** |
| **JACQUELINE GARCIA MARTINEZ, INDIVIDUALLY; BAZAAR MODELS, A SOLE PROPRIETORSHIP; MARCO CARMONA, INDIVIDUALLY; MISS EL PASO USA, A GENERAL PARTNERSHIP; MISS EL PASO TEEN USA, A GENERAL PARTNERSHIP; MISS EL PASO, A GENERAL PARTNERSHIP; AND MISS EL PASO TEEN, A GENERAL PARTNERSHIP,** | § | |
| ***Defendants.*** | § | |

**ORDER**

Before the Court is Plaintiffs' Opposed Motion to Compel Discovery, ECF No. 21 [hereinafter "Mot."]. The Honorable District Judge Leon Schydlower referred the case to the undersigned magistrate "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters," pursuant to 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Case U.S. Mag. J., ECF No. 16. For the reasons set forth herein, the Motion is **GRANTED**.

## I. BACKGROUND

On December 23, 2025, Plaintiffs filed a complaint alleging eight causes of action regarding the ownership of the marks "Miss El Paso USA" and "Miss El Paso Teen USA." *See* Pls.' Orig. Compl. & Jury Demand, ECF No. 1. Plaintiffs seek cancellation of the trademark registration, as well as Defendants' profits, actual damages, and punitive damages. *See* Pls.' Am. Compl., Jury Demand, & Resp. to Defs.' 12(b) Mot. to Dismiss, ECF No. 7 [hereinafter "Am. Compl."]. Plaintiffs filed this motion seeking to compel responses to Request for Production 5 and to amend or supplement responses to thirty-three other requests for production. Mot. ¶¶ 8, 13, 15.

## II. LEGAL STANDARD

The scope of discovery is as follows:

> parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy is construed liberally so that the basic issues and facts of the case are disclosed to the fullest extent practical. However, the scope of discovery is not unlimited and is committed to the sound discretion of the court." *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 262-63 (W.D. Tex. 2006) (citing *McClain v. Mack Trucks, Inc*., 85 F.R.D. 53, 57 (E.D.Pa. 1979)). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Yeti Coolers, LLC v. Mercatalyst, Inc.,* Case No. 1:22-CV-01337-DAE, 2023 WL 5336955, at *1 (W.D. Tex. Aug. 17, 2023) (citing *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017)).

## III. DISCUSSION

### A. Timeliness of the motion

"Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(e), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." W.D. Tex. L.R. CV-16(e). The deadline for discovery in this case was September 25, 2026. Scheduling Order, ECF No. 14. Plaintiffs' motion challenges responses served on September 25, 2026. *See* Mot Ex. A. Plaintiffs' motion was due at 11:59pm Mountain Time, on October 9, 2026. Plaintiffs' counsel asserts the motion was filed before the deadline. *See* Pls.' Reply to Defs.' Resp. to Pls.' Opposed Mot. to Compel Disc., ECF No. 23 [hereinafter "Reply"]. Plaintiffs' counsel states he contacted the District Clerk's Office but has not received the exact timestamp of when the motion was filed. *Id.* ¶ 6. However, Plaintiffs' counsel did provide a courtesy email to Defense Counsel stating that the motion was filed as of October 10, 2026 at 12:14 am. *See* Reply. Ex. 1.

District Courts have broad discretion to consider untimely fillings. *See Nelson v. Star Enter.,* 220 F.3d 587 (5th Cir. 2000); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 367 (5th Cir. 1995); *see also* Fed. R. Civ. P. 6(b). Therefore, regardless of whether the motion was filed late in the evening on October 9, 2026, or early in the morning on October 10, 2026, the Court will consider the motion.

### B. Request for Production No. 5

Plaintiffs' Request for Production 5 requests:

> All documents reflecting revenues, profits, expenses, contestant fees, ticket sales, sponsorship income, merchandise income, advertising income, or other financial information attributable to any pageant, event, or activity conducted from 2018 to

> present under the MISS EL PASO, MISS EL PASO TEEN, MISS EL PASO ACADEMY, and/or MISS TEEN EL PASO ACADEMY names or marks.

Mot. Ex. A 18[1]. Defendant objects to the request because it seeks confidential proprietary information. *Id*.

"Under Section 35(a) of the Lanham Act, 15 U.S.C.A. § 1117(a), a trademark registrant may be entitled to recover a defendant's profits, subject to principles of equity." *See Yeti Coolers,* 2023 WL 5336955, at *3. "Under the Lanham Act, a successful plaintiff may be able to recover defendant's profits which are 'attributable' to the unlawful use of the plaintiff's mark, 'even if the defendant and plaintiff are not in direct competition, and the defendants' infringement has not diverted sales from the plaintiff.'" *U.S. Risk Ins. Group, Inc. v. U.S. Risk, Mgmt., LLC*., No. 3:11-cv-2843-M, 2013 WL 11730656, at *2 (N.D. Tex. Mar. 6, 2013) (citing *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 349-50 (5th Cir. 2002); then quoting *Maltina Corp. v. Cawy Bottling Co*., 613 F.2d 582, 585 (5th Cir. 1980)) (internal citation omitted). "In other cases brought under the Lanham Act, courts have found discovery related to a defendant's profits and expenses to be relevant." *U.S. Risk Ins. Group, Inc.,* 2013 WL 11730656, at *2 (collecting cases).

Plaintiffs brought causes of action under the Lanham Act, *see* Am. Compl.; therefore, the information sought is relevant and discoverable under Rule 26(b)(1). Defendants' concern about improper use of proprietary information can be addressed via a protective order. This Court will issue a protective order. Thus, the request to compel a response to Request for Production 5, is **GRANTED.**

### C. Responses stating "previously produced all documents"

For requests for production numbers 3, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31, and 32 Defendants answered "previously produced all documents responsive to

---

[1] Page numbers for Exhibit A reference the page of the document as listed on CM/ECF.

this request." Mot. Ex. A. 17-26. Plaintiffs argue this response is incomplete because no documents are identified via a Bates number. Mot. ¶ 13. Defense Counsel asserts these documents have no Bates numbers because he allowed Plaintiffs' counsel to inspect and copy the documents at Defense Counsel's office. Defs.' Resp. to Pls.' Mot. to Compel 3, ECF No. 22 [hereinafter "Resp."].

"It is [the responding party's] responsibility to provide meaningful responses to the requests for production, and it is [the responding party's] responsibility to review the voluminous documents to identify those that are responsive to specific requests." *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016). A party responding to a request for production may either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "When a producing party chooses not to organize documents to correspond with categories in the request, it is that party's burden to demonstrate that the documents are produced as kept in the usual course of business." *Chilly Dil Consulting, Inc. v. JetPay ISO Servs., LLC*, Case No. 3:14-CV-2749-P-BK, 2015 WL 13469921, at *3 (N.D. Tex. Dec. 21, 2015) (quoting *CooperVision, Inc. v. Ciba Vision Corp*., Civil Action No. 2:06CV149, 2007 WL 2264848, at *5 (E.D. Tex. Aug. 6, 2007)). "To carry its burden, the producing party must do more than merely represent to the court and the requesting party that the documents have been produced as they are maintained." *Chilly Dil Consulting, Inc,* 2015 WL 13469921, at *3 (citing *Johnson v. Kraft Foods N. Am., Inc*, 236 F.R.D. 535, 540-41 (D. Kan. 2006); *Cardenas v. Dorel Juv. Group, Inc*., 230 F.R.D. 611, 618 (D. Kan. 2005)).

Defendants neither organized and labeled the documents to correspond to categories within the requests nor asserted that they provided the documents as they are kept in the usual course of

business. Therefore, Defendants are **ORDERED** to supplement their responses to comply with Rule 34 (b)(3)(E)(i) by organizing and labeling the documents with appropriate Bates numbers to correspond to the categories in the requests.

**D. Responses stating "no documents responsive"**

For request for production numbers 1, 2, 9, 10, 26, 27, 28, 29, 30, 33, and 34 Defendants responded "[t]here are no documents responsive to this." *See* Mot. Ex. A. 17-26. Plaintiffs argue Defendants' response to interrogatories contradict the assertion that no responsive documents exist. *See* Mot. ¶ 16. For example, request for production number 33 requested

> Produce all documents, communications, electronically stored information, and other materials identified, referenced, described, cited, relied upon, or otherwise referred to in Defendants' answers or responses to Plaintiffs First and Second Sets of Interrogatories, including all documents upon which Defendants relied or that support, corroborate, or form the factual basis for any answer or response thereto.

Mot. Ex. A. 26. Defendants responded that there are no documents responsive to the request. *Id.* However, in response to Interrogatory 13 Defendants stated, "Defendants maintain messages documenting the wording and context of that outreach." Mot. Ex. A 45. In response, Defendants simply assert that Plaintiffs have all documents responsive to their requests. Resp. 3.

Plaintiffs additionally argue that whole categories of documents are missing from the 298 page production "that a pageant operator claiming continuous operation since 1998 would necessarily maintain." *See* Mot. ¶ 23. For example, Defendants claim there were no documents responsive to Plaintiffs' request for any program books related to the pageants Defendants produced; despite the existence of a 2026 event program. *See* ¶ 29.

"[I]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry

and exercised due diligence." *VeroBlue Farms U.S.A. Inc. v. Wulf,* 345 F.R.D. 406, 419-20 (N.D. Tex. 2021) (quoting *Lopez v. Don Herring Ltd.,* 327 F.R.D. 567, 578 (N.D. Tex. 2018)) (citing Fed. R. Civ. P. 26(g)(1)) (internal citations omitted). "As a general matter, '[i]t is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility.'" *VeroBlue Farms U.S.A. Inc.,* 345 F.R.D. at 420 (quoting *Moore v. Westgate Resorts*, No. 3:18-CV-410-DCLC-HBG, 2020 WL 113352, at *12 (E.D. Tenn. Jan. 9, 2020)). "[T]he requesting party should make a showing, including through 'the documents that have been produced,' that allows the Court to make 'a reasonable deduction that other documents may exist or did exist and have been destroyed' or must 'point to the existence of additional responsive material.'" *VeroBlue Farms U.S.A. Inc.,* 345 F.R.D. at 420 (quoting *Hubbard v. Potter*, 247 F.R.D. 27, 29, 31 (D.D.C. 2008)).

Defendants provided no description of the reasonable inquiry they conducted to find responsive documents. *See* Resp. The Court cannot evaluate whether a reasonable inquiry was conducted without any information. Furthermore, Plaintiffs' motion demonstrates contradictions between Defendants' interrogatory responses and responses to the requests for production. *See, e.g.,* Mot. ¶ 16. This information is sufficient to allow the Court to reasonably conclude that other responsive documents exist. *See VeroBlue Farms U.S.A. Inc.,* 345 F.R.D. at 420 (quoting *Hubbard*, 247 F.R.D. at 29, 31).

Therefore, Defendants are **ORDERED** to conduct a reasonable inquiry into all materials within their possession to find documents responsive to request for production numbers 1, 2, 9, 10, 26, 27, 28, 29, 30, 33, and 34. In supplementing their responses, Defendants are **ORDERED** to provide details on the search conducted.

**E. Attorneys' Fees**

"The federal rules mandate an award of fees and expenses against any party that necessitates a motion to compel where, as here, the motion is granted and was caused by the responding party's failure to produce documents responsive to discovery requests." *U.S. Risk Ins. Group, Inc.,* 2013 WL 11730656, at * 4 (citing Fed. R. Civ. P. 37(a)(5)(A)). The Court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Based on Plaintiffs' certificate of conference, *see* Mot. 13, the Court concludes Plaintiffs conferred in good faith before seeking Court action. The Court does not find that Defendants' responses were substantially justified nor that other circumstances make the award of expenses unjust. Therefore, the Court **ORDERS** Defendants to reimburse Plaintiffs for reasonable attorneys' fees and expenses incurred in preparing and filing this motion.

## I. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Plaintiff's Opposed Motion to Compel Discovery, ECF No. 21, is **GRANTED**.

It is **FURTHERED ORDERED** that, no later than, **Monday, November 23, 2026 at 5pm Mountain Time,** Defendants must:

1. produce all documents responsive to Plaintiffs' request for production number 5;
2. supplement their response to requests for production numbers 3, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 31, and 32 by organizing and labeling the documents with appropriate Bates numbers to correspond to the categories in the requests and
3. conduct a reasonable inquiry into all materials within their possession to find documents responsive to request for production numbers 1, 2, 9, 10, 26, 27, 28, 29, 30, 33, and 34 and provide details of the reasonable inquiry conducted.

It is **ORDERED** that, by no later than **Monday, November 16, 2026,** Plaintiffs must submit an application for reasonable attorneys' fees and court costs. Defendants' response must be filed no later than **Monday, November 23, 2026.**

**SIGNED** this 2nd day of November, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**