**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA'S PRODUCTIONS, MODELING, TALENT AND PROMOTION CO., LLC, LAURA HODA HAJJAR-RAYBORN,** | § | |
| ***Plaintiffs*** | § | |
| **v.** | § | **EP- 25-CV-00729-LS-RFC** |
| **JACQUELINE GARCIA MARTINEZ, INDIVIDUALLY; BAZAAR MODELS, A SOLE PROPRIETORSHIP; MARCO CARMONA, INDIVIDUALLY; MISS EL PASO USA, A GENERAL PARTNERSHIP; MISS EL PASO TEEN USA, A GENERAL PARTNERSHIP; MISS EL PASO, A GENERAL PARTNERSHIP; AND MISS EL PASO TEEN, A GENERAL PARTNERSHIP,** | § | |
| ***Defendants*** | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Plaintiffs' Opposed Motion to Compel Discovery, ECF No. 21 [hereinafter "Mot."]. In the motion, Plaintiffs requested a protective order. Mot. 11. Based on the Plaintiffs' motion and the record in this matter, the Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other

than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;
- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- to adequately protect information the parties are entitled to keep confidential;
- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;
- to address the handling of confidential materials at the end of the litigation; and
- to serve the ends of justice.

However, while the submitted Confidentiality and Protective Order, ECF No. 21 Ex. E, conforms with the template deemed appropriate under the current Local Rules, *see* W.D. Tex. L.R. CV-26(c), App'x H-2, the provisions contained in Section 13 – entitled "Filing Under Seal" – no longer comport with Fifth Circuit sealing precedent. As reiterated by the Fifth Circuit, "the power to seal court records must be used sparingly in light of the public's right to access." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) (citing *Holy Land*, 624 F.3d at 690); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). A court must consider every request to seal on a "case-by case, 'document-by-document,' 'line-by-line'" basis, balancing "the public's common law right of action against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (collecting cases). Consequently, protective orders such as the one proposed here – which would permit parties to unilaterally decide what information to file under seal, absent any judicial sealing analysis – are improper. *Id.* at 419–420. Accordingly, it is **ORDERED** that the Motion is **GRANTED AS MODIFIED**.

The Court **ORDERS** the following:

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. **For Counsel or Attorneys' Eyes Only information:**

i. retained counsel for the parties in this litigation and their respective staff;
ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order and have been designated in writing by notice to all counsel;[1]
iii. this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and
iv. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel.

b. **For Confidential information:**

i. the persons identified in subparagraph 2(a);
ii. the party, if a natural person;
iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have signed a document agreeing to be bound by the terms of this Protective Order;
iv. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential information are bound by the terms of this Protective Order;
v. jury and trial consultants and their staff and mock jurors who have signed a document agreeing to be bound by the terms of this Protective Order
vi. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential

[1] Designation of an expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any otherwise exiting protection against discovery of such person's work or opinions.

information but not retain a copy.

c. Such other person as this court may designate after notice and an opportunity to be heard.

For purposes of subsections (a)(ii), the attorney who retains or designates such persons shall maintain the signed certifications of those persons.

**3. Designation Criteria**

a. **Classified Information.** A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified Information.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b. **For Counsel or Attorneys Only.** The designation "For Counsel Only" or "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

c. **Ultrasensitive Information.** At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

d. **Nonclassified Information.** Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure;

iv. or lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4. Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

**5. Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," or "Attorneys' Eyes Only." The designation should be made in a fashion or form that is conspicuous yet allows the Classified Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6. Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective

Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7. Disclosure to Qualified Persons**

a. **To Whom.** Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a)

b. **Retention of Copies During This Litigation.** Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8. Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information

**9. Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by the producing party.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. **Classified Information.** A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. **Qualified Persons.** In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 21 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless the court enters an order preserving the designation.

**12. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Classified Information at a hearing or trial and the status of Classified Information resulting from any such use will be determined by the court.

**13. Filing Under Seal**

A party that seeks to file a document under seal because it has been designated, in whole or in part, as Confidential information, may identify this Order as the basis for sealing in its motion requesting permission to keep the document under seal. Such a motion must be filed in accordance with the requirements of Local Rule CV-5.2.

**14. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**16. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17. Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor workproduct protection is waived by disclosure connected with this litigation.

**19. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

**SIGNED** this 2nd day of November, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**